*No. 8.*

### FARNSWORTH *against* NASON. *Franklin,* 1819.

WHERE, in an action of assumpsit, there is a special count on a promise to do or perform some collateral act, *such count* ought to alledge a breach of the promise.

Every special count must contain, in itself, all the averments necessary to shew a cause of action.

ERROR. This writ was brought to reverse a judgment of Franklin County Court, November term, 1819, in favor of John Nason, against Samuel H. Farnsworth.

The plaintiff below, Nason, declared in a plea of the case, for that whereas, at a County Court, holden at St. Albans, aforesaid, on the last Monday of January, 1814, the President, &c. of the Vermont State Bank, recovered a judgment in their favor, against one John Curtis and one William Foot, for the sum of $338,36 damages, and also costs, from which judgment the said Curtis and Foot appealed to the Supreme Court, December term, 1814, and upon that occasion one Orange Ferris, of St. Albans, aforesaid, with, and as surety for, the said Curtis, became recognized in the sum of $500, for said appeal, in due form ; and whereas, the action aforesaid, was by appeal, as aforesaid, duly entered in said Supreme Court, and whereas the plaintiff afterwards, to wit, on the 29th day of December, 1814, executed his bond, at the request of said Curtis, to the said Ferris, conditioned that the said Ferris should be indemnified and saved harmless from all loss, cost, or trouble, on account of his having so become recognized, as aforesaid ; and whereas, the said President and Directors, at the Supreme Court, June term, 1816, recovered final judgment in the suit aforesaid, against the said Curtis, (Foot being then dead ;) and

whereas the said Orange Ferris became liable, and was compelled, to pay the said President and Directors, on his recognizance aforesaid, the sum of $390; and whereas the said Ferris had thereupon called on the plaintiff, on account of the bond so executed, by the plaintiff, to him, as aforesaid, and requested to be indemnified in that behalf; and whereas the plaintiff had, on or about the 25th day of September, 1816, applied to the said Curtis, and requested him to secure the plaintiff in that behalf; by reason whereof the said Curtis afterwards, at St. Albans aforesaid, on the 30th day of September, 1816, for and in behalf of the plaintiff, and to secure the plaintiff in that behalf, from eventual loss and damage, and with the knowledge and consent of the said Farnsworth, and at his request, conveyed to the said Farnsworth divers large tracts of lands, lying and being in the towns of St. Albans and Georgia, of a large value, to wit, $5000; now the plaintiff avers that the said defendant afterwards, to wit, at St. Albans aforesaid, on the same 30th day of September, 1816, in consideration of the estates so conveyed to him, by the said Curtis, as aforesaid, at the request of the defendant as aforesaid, and for the purpose aforesaid, assumed upon himself, and to the plaintiff faithfully promised, to indemnify and save harmless the plaintiff from all loss, cost, or damage, arising to the plaintiff by reason of his so having executed said bond of indemnity to the said Ferris, as aforesaid.

2d Count. Money paid.

3d. For lands sold.

4th. Money had and received.

*Conclusion.* Yet the defendant, his said several promises aforesaid, not regarding, hath never indemnified and saved harmless the plaintiff, on account of the bond aforesaid, but so to do hath ever refused, and still doth refuse, though thereto requested; but, on the contrary thereof, the plaintiff hath been prosecuted to final judgment and execution, by the said Ferris, on said bond; and said Ferris hath recovered and collected

2 A

of the plaintiff the sum of four hundred, sixty-four dollars, 98 cents, besides officer's fees on said execution, $6,42; and the plaintiff hath been compelled to expend large sums of money in defending against the suit of said Ferris, in that behalf, to wit, $100, of all which, defendant afterwards, to wit, at St. Albans aforesaid, on the first day of November, 1818, had notice, nor hath defendant ever paid to the plaintiff the said sum of money, or any part thereof, but, &c. Ad damnum $800.

Demurrer, as to first count.

General issue, as to the other three counts.

Judgment of County Court, that the first count in plaitiff's declaration is sufficient.

Error assigned. The insufficiency of the said first count— and judgment thereon.

By the Court. The first count in the plaintiff's declaration is clearly insufficient. When there is a special count, on a promise to pay money, and general counts, a general breach is sufficient, but where the special count is on a promise to do or perform any other act, such count ought to alledge a breach of the contract. 1 Chitty's Pl. 326.

But, it is not necessary to decide this to be an indispensable requisite. The first count declares on a promise to indemnify, but does not alledge that plaintiff was ever damnified ; every special count must contain all the averments necessary to shew a cause of action ; this count does not state any notice to defendant, of plaintiff's loss, or that he had sustained any loss or damage ; and it shews no claim or cause of action against defendant.

*Judgment*—There is error, and that Judgment of County Court be reversed.

Before the Court proceeded to render such Judgment upon the record, certified to this Court, as the County Court ought to have rendered, the defendant in error, moved to amend his declaration ; leave was granted upon payment of all back costs.